**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5056**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TODD ARTHUR LECADRE, a/k/a Xavier Eric
Rodriguez, a/k/a Xavier Diaz, a/k/a Xavier
Eric Rodriguez, Jr.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge.  (CR-04-88)

———————

Submitted:  July 27, 2005          Decided:  August 15, 2005

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia,
for Appellant.  Paul J. McNulty, United States Attorney, Vincent L.
Gambale, Assistant United States Attorney, Timothy R. Murphy,
Special Assistant United States Attorney, Newport News, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Todd Arthur Lecadre pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute and to distribute 50 or more grams of crack cocaine, 21 U.S.C. § 846 (2000), and distribution of 52.3 grams of crack cocaine, 21 U.S.C. § 841 (2000). The district court sentenced Lecadre to 108 months imprisonment on each count, to run concurrently. The court also announced an alternative sentence, in the absence of the federal sentencing guidelines, of 48 months imprisonment on each count, to run concurrently.

Lecadre has appealed, challenging his sentence under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). We conclude that Lecadre is entitled to be resentenced under Booker, as the Government concedes.* Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546 (applying

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n. 4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lecadre's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary" to the law at the time of appeal).

plain error analysis to challenge under <u>Booker</u>). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000) and then impose a sentence. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.

As Lecadre raises no other issues on appeal, we affirm his conviction and vacate the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>